UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON W. KONESKO, # 486843,

       Petitioner,

v.                                                Case Number: 06-CV-15675
                                                Honorable John Corbett O'Meara

JAN E. TROMBLEY,

       Respondent.
       _____/

**OPINION AND ORDER
DENYING MOTION FOR RELIEF FROM JUDGMENT [DKT. # 9]**

       This is a habeas case filed under 28 U.S.C. § 2254. On December 21, 2006, Petitioner Leon W. Konesko, a state inmate currently incarcerated at the Ionia Maximum Correctional Facility in Ionia, Michigan, filed a Habeas Petition challenging his convictions for assault with intent to rob while armed, first-degree home invasion, larceny in a building, and two counts of felony firearm. He was sentenced, as a habitual offender second offense, to concurrent prison terms of twenty to fifty years for the armed-robbery conviction, ten to thirty years for the home-invasion conviction, four to six years for the larceny conviction, and two two-year prison terms for the felony-firearm convictions.

       On February 6, 2008, the Court denied Petitioner's Habeas Petition, finding his claims to be without merit.

       Pending before the Court is Petitioner's Motion for Relief from Judgment, filed pursuant to Fed.R.Civ.P. 60(b)(6) on February 24, 2011. For the reasons stated, the Motion is denied.

I.

A Rule 60(b) motion does not serve as a substitute for an appeal or bring up for review a second time the merits of the district court's decision dismissing a habeas petition. *Rodger v. White*, 996 F. 2d 1216, 1993 (6th Cir. 1993). Rule 60(b)(6) relief may be granted only in "unusual and extreme situations where principles of equity mandate relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

Rule 60(b) states in part:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct of an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

In his Motion, Petitioner claims that the Clerk of the Court failed to serve him with a copy of the Court's Opinion and Order. However, the Court's docket reflects that a copy was sent to Petitioner on February 6, 2008. To the extent Petitioner alleges that the prison interfered with his mail, his claim is a civil rights claim.

Moreover, Petitioner does not call into question the validity of the Court's decision regarding his Habeas Petition. Rather, Petitioner merely states that he wants his Habeas Petition

reinstated because he did not receive a copy of the Court's decision.  Petitioner has failed to offer any arguments justifying relief.  The Court therefore denies the Motion.

III.

Accordingly, **IT IS ORDERED** that Petitioner's "Motion for Relief from Judgment" [dkt. # 9] is **DENIED.**

**SO ORDERED.**


                                        s/John Corbett O'Meara
                                        United States District Judge

Date:  March 24, 2011




I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, March 24, 2011, using the ECF system and upon Petitioner at Saginaw Correctional Facility by first-class U.S. mail.


                                        s/William Barkholz
                                        Case Manager