UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON W. KONESKO, # 486843,

       Petitioner,

v.                                          Case Number: 06-cv-15675
                                             Honorable John Corbett O'Meara

JAN E. TROMBLEY,

       Respondent,
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

This is a habeas case filed under 28 U.S.C. § 2254. On December 21, 2006, Petitioner Leon W. Konesko, a state inmate currently incarcerated at the Ionia Maximum Correctional Facility in Ionia, Michigan, filed a Habeas Petition challenging his convictions for assault with intent to rob while armed, first-degree home invasion, larceny in a building, and two counts of felony firearm. On February 6, 2008, the Court denied Petitioner's Habeas Petition, finding his claims to be without merit. *Konesko v. Trombley*, No. 06-15675, 2008 WL 324117 (E.D. Mich. Feb. 6, 2008). Three years later, Petitioner filed a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(6), alleging that the Clerk of the Court failed to serve him with a copy of the Court's Opinion and Order. On March 24, 2011, the Court denied the Motion because the docket reflected that a copy was sent to Petitioner on February 6, 2008.

Pending before the Court is Petitioner's Motion for Reconsideration of the Court's denial of his Motion for Relief from Judgment. The Motion was filed with the Court on April 25, 2011. Petitioner signed and dated the Motion on April 15, 2011.

A motion for rehearing or reconsideration must be filed within fourteen days after entry

of the Court's Judgment or Order.  *See* E.D.Mich. LR 7.1(h)(1).  The Court finds that Petitioner's Motion is untimely; the Motion was filed almost twenty-one days after entry of the Court's Order denying his Motion for Relief from Judgment.

However, even the Court found that Petitioner's Motion was timely, the Court finds that Petitioner has failed to satisfy the requirements for reconsideration.  He has not shown "a palpable defect by which the court and the parties and other persons entitled to be heard have been misled" or shown "that correcting the defect will result in a different disposition of the case."  E.D.Mich. LR 7.1(h)(3).  Additionally, a motion for reconsideration which presents issues already ruled upon by the Court, either expressly or by reasonable implication, will not be granted.  *See Hence v. Smith*, 49 F.Supp.2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F.Supp. 951, 952 (E.D. Mich. 1997).

Petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result, as required by Local Rule 7.1(h)(3).  Moreover, for the reasons stated in the Court's March 24, 2011 Order, Petitioner is not entitled to relief from judgment under Federal Rule of Civil Procedure 60(b)(6).

Accordingly, the Court **DENIES** Petitioner's Motion for Reconsideration.  (Dkt. # 14). This case is closed.

    **SO ORDERED**.

                                        s/John Corbett O'Meara
                                        United States District Judge

Date:  May 12, 2011

     I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 12, 2011, using the ECF system and upon Petitioner at Ionia Maximum Correctional Facility, 1576 W. Bluewater Highway, Ionia, MI 48846 by first-class U.S. mail.

                                         s/William Barkholz  
                                         Case Manager