UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON W. KONESKO, # 486843,

       Petitioner,

v.                                Case Number: 06-cv-15675
                                 Honorable John Corbett O'Meara

JAN E. TROMBLEY,

       Respondent,
_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

This is a habeas case filed under 28 U.S.C. § 2254. On December 21, 2006, Petitioner Leon W. Konesko, a state inmate currently incarcerated at the Ionia Maximum Correctional Facility in Ionia, Michigan, filed a Habeas Petition challenging his convictions for assault with intent to rob while armed, first-degree home invasion, larceny in a building, and two counts of felony firearm. Petitioner raised claims concerning the sufficiency of the evidence, improper jury instructions, and the effectiveness of trial counsel. On February 6, 2008, the Court denied the Petition. *Konesko v. Trombley*, No. 06-15675, 2008 WL 324117 (E.D. Mich. Feb. 6, 2008).

Three years later, on February 24, 2011, Petitioner filed a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(6), alleging that the Clerk of the Court failed to serve him with a copy of the Court's Opinion and Order. On March 24, 2011, the Court denied the Motion because the docket reflected that a copy was sent to Petitioner on February 6, 2008. His Motion for Reconsideration also was denied.

On June 3, 2011, Petitioner filed an "Application for Leave to Take an Interlocutory Appeal" [Dkt. # 16], with the United States Court of Appeals for the Sixth Circuit. On June 13, 2011, the Sixth Circuit issued an Order remanding the case to this Court for "the sole purpose of determining

whether to grant or deny a certificate of appealability." *Konesko v. Trombley*, No. 11-1492 (6th Cir. June 13, 2011). Thus, the Court must determine whether Petitioner is entitled to a certificate of appealability.

Pursuant to Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11, Rules Governing Section 2254 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The Court denied Petitioner's insufficient-evidence claim, finding that the Michigan Court of Appeals's decision was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. Based on the facts presented, a rational trier of fact could have found Petitioner guilty of both assault with intent to rob while armed and larceny in building. Petitioner admitted he was armed with a gun and that he assaulted the victim by hitting him in the head. There was also sufficient evidence that he intended to rob the victim; he pointed a gun at the victim's head while his companion demanded that the victim turn over money, jewelry, or drugs. Thus, the Court

finds that its resolution of Petitioner's insufficient-evidence claim would not be debatable among reasonable jurists.

Regarding Petitioner's jury-instruction claim, the Court concluded the instructions were not erroneous that they rendered his trial fundamentally unfair. The Court of Appeals first noted that the claim was procedurally defaulted because Petitioner failed to request the instruction. Second, the Court of Appeals noted that a claim of right defense is not available to a defendant who is engaged in illegal activities. The Court agreed and denied Petitioner relief on this claim. The Court also finds that its resolution of Petitioner's jury-instruction claim would not be debatable among reasonable jurists.

Finally, the Court concluded that Petitioner failed to demonstrate that trial counsel was ineffective, finding that counsel could not be ineffective for failing to request a meritless instruction. The Court also finds that its resolution of Petitioner's ineffective-assistance-of-counsel claim would not be debatable among reasonable jurists.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED** on all grounds raised by Petitioner.

**SO ORDERED**.

s/John Corbett O'Meara<br>United States District Judge

Date: June 20, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, June 20, 2011, using the ECF system and upon Petitioner at Ionia Maximum Correctional Facility by first-class U.S. mail.

s/William Barkholz<br>Case Manager

3